UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19-CR-233-02 (AMP) |
| | : | |
| v. | : | VIOLATIONS: |
| | : | 21 U.S.C. § 963 |
| **ALDEMAR SOTO-CHARRY,** | : | (Conspiracy to Distribute 500 Grams |
| | : | or More of Cocaine for Importation into |
| Defendant. | : | the United States) |
| | : | 18 U.S.C. § 2 |
| | : | (Aiding and Abetting) |
| | : | |
| | : | CRIMINAL FORFEITURE: |
| | : | 21 U.S.C. §§ 853(a), (p) and 970 |

**I N F O R M A T I O N**

The United States Attorney charges that:

**COUNT ONE**

From in or around October 2018 and continuing to June 2019, the exact dates being unknown to the United States, in the countries of Colombia, Ecuador, Washington, D.C., and elsewhere, the defendant, **ALDEMAR SOTO-CHARRY** and others known and unknown to the United States, did knowingly, intentionally, and willfully combine, conspire, confederate and agree to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, intending, knowing or having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a) and 960(b)(2)(B)(ii).

Quantity of Cocaine Involved in the Conspiracy

With respect to defendants **ALDEMAR SOTO-CHARRY**, the narcotic drug controlled substance involved in the conspiracy attributable to each defendant as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them is 500 grams or

more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(2)(B)(ii).

(**Conspiracy to Distribute 500 Grams or More of Cocaine for Importation into the United States and Aiding and Abetting**, in violation of Title 21, United States Code, Section 963, and Title 18, United States Code, Section 2)

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One of this Information, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a) and 970, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture**, pursuant to Title 21, United States Code, Section 853(a), (p) and 970)

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:        /s/
IRIS YAO MCCRANIE
Assistant United States Attorney
N.Y. Bar No. 5011234
ERNESTO ALVARADO
Special Assistant United States Attorney
DC Bar No. 1017319
Violence Reduction & Trafficking Offenses Section
601 D Street NW, Room 5.226
Washington, DC 20530
Phone: (202) 252-7828 (McCranie)
Office: (202) 252-7562 (Alvarado)
Email:   iris.mccranie@usdoj.gov
Email:   Ernesto.Alvarado2@usdoj.gov